AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Healthcare Plus, LLC -1 | Case Number: 14-cr-02180-JAH-1 |
| | Ronson J Shamoun |
| | Defendant's Attorney |

**REGISTRATION NO.**
☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One and two of the information.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 31:5324(a)(3) | Structuring Currency Transactions with Domestic Financial Institutions | 1 |
| 8:1324(a)(1)(A)(iii); 18:982(a)(1); 31:5317c(1) | Harboring Certain Aliens | 2 |

The defendant is sentenced as provided in pages 2 through ___3___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.
☒ Assessment: $100.00 as to each count.

☐ Fine waived    ☒ Forfeiture pursuant to order filed ___10/14/14___, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

October 14, 2014
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

14-cr-02180-JAH-1

AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case
Sheet 2 -- Probation

Judgment—Page 2 of 3

DEFENDANT: Healthcare Plus, LLC -1
CASE NUMBER: 14-cr-02180-JAH-1

## PROBATION

The defendant is hereby sentenced to probation for a term of :

Ct 1 & 2. Twenty-four months concurrent.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than ____ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14-cr-02180-JAH-1

AO 245B (CASD) (Rev. 8/11) Judgment in a Criminal Case
Sheet 3 — Special Conditions

DEFENDANT: Healthcare Plus, LLC -1
CASE NUMBER: **14-cr-02180-JAH-1**

Judgment—Page 3 of 3

## SPECIAL CONDITIONS OF SUPERVISION

☐ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with 24 hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within _____ days.

☐ Complete _____ hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ It is ordered that the defendant pay the forfeited amount of $556,000 or the balance thereof to the United States as indicated by the attached order filed on 10/14/14.

FILED

OCT 14 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>       v.<br><br>HEALTHCARE PLUS, LLC (1),<br><br>           Defendant. | Case No. 14cr2180-JAH<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
|---|---|

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, HEALTHCARE PLUS, LLC (1) ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(1) and Title 31, United States Code, Section 5317(c)(1), as property involved in the violations of Title 31, United States Code, Section 5324(a)(3) and Title 8, United States Code, Section 1324(a)(1)(A)(iii), as charged in the Information; and

WHEREAS, on or about August 4, 2014, Defendant pled guilty before Magistrate Judge Barbara Lynn Major to both counts in the Information, and

WHEREAS, on October 9, 2014 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United

1 States has established the requisite nexus between the forfeited properties and the
2 offense; and

3     WHEREAS, by virtue of said guilty plea, the United States is now entitled to
4 possession of said properties, pursuant to 31 U.S.C. § 5317(c), 18 U.S.C. § 982(a)(1)
5 and

6     WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b), the United States having
7 requested the authority to take custody of the following properties which were found
8 forfeitable by the Court, namely:

9     **(1)**     **$199,936.45 in U.S. Currency; and**

10     **(2)**     **$356,063.55 in U.S. currency seized from the Defendant's business account number ending 5090, seized from JP Morgan Chase Bank, N.A. on or about April 18, 2013.; and**

12     WHEREAS, the United States, having submitted the Order herein to the
13 Defendant through his attorney of record, to review, and no objections having been
14 received;

15     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

16     1.     Based upon the guilty plea of the Defendant, the United States is
17 hereby authorized to take custody and control of the following asset, and all right,
18 title and interest of Defendant HEALTHCARE PLUS, LLC (1) in the following
19 property are hereby forfeited to the United States for disposition in accordance with
20 the law, subject to the provisions of 21 U.S.C. § 853(n):

21     **(1)**     **$199,936.45 in U.S. Currency; and**

22     **(2)**     **$356,063.55 in U.S. currency seized from the Defendant's business account number ending 5090, seized from JP Morgan Chase Bank, N.A. on or about April 18, 2013.; and**

24     2.     The aforementioned forfeited asset is to be held by the Internal Revenue
25 Service ("IRS") in its secure custody and control.

26     3.     Pursuant to Fed. R. Crim. P. 32.2(b) and (c), the United States is hereby
27 authorized to begin proceedings consistent with any statutory requirements pertaining
28 to ancillary hearings and rights of third parties.

1      4.    Pursuant to the Attorney General's authority under 21 U.S. C. § 853(n)(1), Fed. Crim. P. 32.2(b)(3), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

    5.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

    6.    The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

///

///

///

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed.

DATED:

10-14-14

Honorable JOHN A. HOUSTON
United States District Court